IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22-cr-30129-DWD** |
| | ) | |
| **CHARLES E. SULLIVAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter is before the Court on Defendant Charles Sullivan's motion to reconsider the Court's August 28, 2025 Order denying compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Docs. 60 and 58). The motion was filed on December 5, 2025. (Doc. 60). Defendant attributes the delay to late notice caused by understaffing at his facility. (Docs. 59 and 60). The Court credits that assertion only for purposes of reaching the merits. Whether the filing is treated as a motion to reconsider or as a renewed motion for compassionate release, it is **DENIED**.

Although the Federal Rules of Criminal Procedure do not expressly provide for motions to reconsider, such motions are regarded as ordinary elements of federal practice in criminal cases and are treated like their civil counterparts. *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). A motion to reconsider a ruling denying a sentence-reduction request is proper if filed within the time to appeal which is 14 days. *United States v. Beard*, 745 F.3d 288, 291 (7th Cir. 2014); *United States v. Kruse*, No. 24-1978, 2024

WL 5155567, at *2 (7th Cir. Dec. 18, 2024). Motions filed outside that period are ineffectual as motions to reconsider and are instead treated as new motions for a sentence reduction. *Kruse*, 2024 WL 5155567, at *2 (citing *United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011)); *United States v. DeSilva*, No. 4:04-CR-40080, 2025 WL 1047701, at *2 (C.D. Ill. Apr. 8, 2025). A defendant may file more than one compassionate-release motion, but subsequent motions must be based on materially different conditions. *Kruse*, 2024 WL 5155567, at *2. District courts may dismiss repetitive requests. *In re Thomas*, 91 F.4th 1240, 1242 (7th Cir. 2024).

Here, Defendant does not present materially different conditions. He asks the Court not to treat his original grounds as standalone claims and to reconsider them in combination. Defendant's original grounds for relief, included arguments pertaining to *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022); the location of the shooting and self-defense; purported reliance on acquitted or uncharged conduct; conditions at FCI Allenwood Medium; and rehabilitation. Defendant contends the Court relied too heavily on who he was at sentencing, on the fatal shooting that was never separately prosecuted, and on a "constitutionally sound" act of self-defense. He further asserts that Bureau of Prisons assessments show he poses no present risk to the community and that the Court failed to address public safety in light of the man he is today.

The Court considered the original motion in its totality. Addressing each asserted ground was necessary to explain why none established an extraordinary and compelling reason for a reduction. Viewing the same grounds together does not change the result. Defendant's *Bruen* argument remains unavailing. This Court has repeatedly upheld the

constitutionality of 18 U.S.C. § 922(g)(1) after *Bruen*. Most recently, the Seventh Circuit has declared that § 922(g)(1) is not unconstitutional on its face. *United States v. Prince*, 171 F4th 1009 (7th Cir. 2026) Likewise, it determined that § 922(g)(1) is constitutional as applied to individuals convicted of "dangerous" felonies, including possession with the intent to distribute. *United States v. Watson*, 171 F4th 1012 (7th Cir. 2026). Neither the original filings nor the request to reconsider supplies a basis to depart from those decisions. A claim that the statute of conviction is invalid is, in any event, not a proper basis for compassionate release; it is a challenge to the conviction itself.

As to the location of the shooting and Defendant's self-defense theory, these arguments were raised at sentencing. Counsel argued that the incident occurred at a residence where Defendant essentially lived and that he acted in self-defense. The Court declined to apply the voluntary-manslaughter cross-reference, which produced a substantially lower advisory range than the range calculated in the Presentence Investigation Report. As to the acquitted conduct argument, as the Court previously explained, Defendant's sentence was not based on acquitted conduct. Moreover, Amendment 826 does not apply retroactively and is excluded from the "extraordinary and compelling" analysis. U.S.S.G. §§ 1B1.10(d), 1B1.13(c); *United States v. Coleman*, 138 F.4th 489, 512 (7th Cir. 2025). Recharacterizing the same arguments as a combination claim does not convert them into an extraordinary and compelling reason for a sentence reduction.

Generalized complaints about understaffing and lockdowns do not constitute extraordinary and compelling reasons, whether standing alone or paired with

Defendant's other arguments. A compassionate-release motion is not the vehicle to challenge institution-wide conditions. *United States v. Bridgewater*, 995 F.3d 591, 599 (7th Cir. 2021). Absent individualized evidence of grave hardship comparable in gravity to the circumstances enumerated in U.S.S.G. § 1B1.13(b)(1)–(4), routine institutional burdens shared by many inmates do not satisfy § 3582(c)(1)(A). Defendant still has not made that showing.

Finally, although rehabilitation is commendable, it is not, standing alone, an extraordinary and compelling reason, and it does not transform Defendant's other legally insufficient claims into one. U.S.S.G. § 1B1.13(d); *United States v. Hanson*, No. 23-3088, 2024 WL 5134348, at *2 (7th Cir. Dec. 17, 2024).

Defendant's argument that he is "not the man that was sentenced" and that BOP assessments show no community risk does not establish an extraordinary and compelling reason or independently warrant a reduction under 18 U.S.C. § 3553(a). BOP classifications do not bind the Court. The offense of conviction involved a prohibited firearm used in a shooting that left another person dead. Defendant had a criminal history category of V, initially denied involvement, and was found with narcotics and a firearm matching the ballistics from the scene. The sentence imposed already reflected the Court's rejection of the manslaughter cross-reference. The need to reflect the seriousness of the offense, promote respect for the law, and protect the public continues to weigh against early release. One good reason is enough to deny relief; several are present here. *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022).

The motion raises nothing the Court did not already consider, or that Defendant could not have presented, in the original motion. There is a presumption against revisiting previously decided issues. *DeSilva*, 2025 WL 1047701, at *2. Subsequent compassionate-release requests that merely recombine rejected arguments may be denied on that basis. *In re Thomas*, 91 F.4th at 1242.

For these reasons, the motion to reconsider, treated in the alternative as a renewed motion for compassionate release, is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 23, 2026**

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.09.23 15:08:10 -05'00'

**DAVID W. DUGAN**
**U. S. District Judge**